UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DERRICK BROWN, ET AL.** | **CIV. ACTION NO. 3:25-00840** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **HIBBETT SPORTS STORE #81** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for leave to amend complaint [doc. # 14] filed by Plaintiffs Derrick Brown and Shirley Jackson. The motion is opposed. For reasons assigned below, IT IS RECOMMENDED that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana for lack of subject matter jurisdiction. Furthermore, IT IS ORDERED that Plaintiffs' motion for leave to file their first amended complaint [doc. # 14] is DENIED, without prejudice.

## Background

On May 5, 2025, Derrick Brown and Shirley Jackson (collectively, "Plaintiffs") filed the instant petition for damages against Defendant, "Hibbett Sports store #81" (the "Store"), in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. (Petition). Plaintiffs allege that, on February 8, 2025, they were invitees and customers at the Store, located at 2700 Louisville Avenue, Monroe, Louisiana, when they were shot and injured during a violent incident that occurred because of the Store's failure to provide adequate security for its patrons. (Petition, ¶ 3). Plaintiffs allege that they suffered great bodily injury and mental anguish stemming from the Store's negligent actions and seek to recover a litany of associated damages.

*Id*., ¶¶ 4-6.

On June 16, 2025, non-party, Hibbett Retail, Inc. ("Hibbett"), removed this case to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Hibbett alleged that Plaintiffs were Louisiana domiciliaries and that it was a Delaware corporation with its principal place of business in Alabama. *Id*., ¶¶ 12-14. Hibbett further asserted that, although it owned and operated the Store that Plaintiffs named as the lone Defendant in the case, the Store was not a legal entity. *Id*; *see also* Affidavit of Montiqua Pettway; Notice of Removal, Exh. D [doc. # 1-4]. In other words, the Store was an "improperly-named defendant." (Rule 7.1 Corp. Discl. [doc. # 7]). On June 26, 2025, Hibbett ("erroneously named in [the] petition as 'Hibbett Sports Store #81'") filed a responsive pleading. (Answer [doc. # 8]).

On July 7, 2025, Plaintiffs filed the instant motion for leave to amend their complaint because they discovered the identity of another defendant who they claim is liable for their damages and because "HIBBET [sic] RETAIL, INC was erroneously named and needs to be corrected." (M/Leave to Amend [doc. # 14]).[1] In their proposed amended pleading (incorrectly styled as, "Plaintiffs' First Amended *Petition*") (hereinafter, "FAC"), Plaintiffs propose to join Christopher Winfield ("Winfield"), a Louisiana "resident," as a Defendant and, cryptically, to "replace the following Defendant as:  A. HIBBET [sic] RETAIL, INC  a person [sic] of the full age of majority [sic] and a resident [sic] of Ouachita Parish, Louisiana . . ."

---

[1] Plaintiffs filed three prior iterations of their motion for leave to amend, which the Clerk of Court marked as deficient or as filed in error. *See* doc. #s 9-13. The Clerk eventually terminated the prior motions with the filing of Plaintiffs' most recent version.

(FAC [doc. # 14-2]).  Plaintiffs allege that Winfield is a gang member who brandished and fired a handgun.  *Id*., ¶ 2.  Shortly thereafter, Plaintiffs heard gunshots and suffered gunshot wounds while on the Store's premises.  *Id*.

On July 26, 2025, Hibbett filed a memorandum in response to the motion for leave to amend wherein it opposed the joinder of Winfield, a non-diverse defendant, on the basis that Plaintiffs merely seek to join Winfield in a transparent attempt to destroy diversity jurisdiction and secure remand to state court.  (Hibbett Opp. Memo. [doc. # 16]).  Applying the factors identified in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("*Hengens* factors"), Hibbett emphasized that Plaintiffs do not actually allege that they were shot by Winfield, and, in a prior version(s) of their motion, they even attempted to join two other defendants.  Hibbett concludes that Plaintiffs' claims against Winfield are speculative at best.  Furthermore, Plaintiffs knew or should have known of Winfield's role in causing their injuries before they filed suit.  Therefore, by waiting to name him now, the purpose of the amendment is to defeat jurisdiction.  Finally, Plaintiffs will not be significantly injured if Winfield is not joined in this suit because, at best, his comparative fault will be considered regardless, and, at worst, his joinder will detract from the alleged fault of the Store.  Hibbett did not address the FAC's attempt to "replace" the Store with the incorrectly spelled, "Hibbet."

On August 4, 2025, Plaintiffs filed a reply brief in support of their motion for leave to amend, arguing that they have a good faith claim against Winfield and that they would be significantly prejudiced if they were not allowed to amend their complaint.  (Pls. Reply Memo. [doc. # 17]).  Accordingly, Plaintiffs urged the Court to allow the amendment to join the non-diverse Winfield and then remand the case to state court for lack of subject matter jurisdiction

3

pursuant to 28 U.S.C. § 1447(e).  *Id*.  The matter is ripe.

## Law and Analysis

**I.     Subject Matter Jurisdiction**

Plaintiffs and Hibbett's memoranda, as well as their course of conduct, presuppose the existence of federal subject matter jurisdiction, via diversity.  However, "a party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  Therefore, before reaching the motion for leave to amend, the Court first must confirm that it has subject matter jurisdiction.[2]

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Thus, "[i]It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted).  Importantly, "diversity of citizenship must exist at the time of removal." *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (citation omitted); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("the jurisdiction of the court depends upon the state of things at the time of the action brought.").

In this case, Plaintiffs, who are Louisiana domiciliaries, sued the Store, alleging that it is "a business entity licensed to operate in Louisiana, with a principal place of business located at . . . Monroe LA . . ."  (Petition, Preamble and ¶ 1).  In other words, at the time of removal, the

---

[2] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction.  *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).  A lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction.  *Id.*

parties were not completely diverse because there were Louisiana Plaintiffs on one side of the jurisdictional equation and a lone, purportedly Louisiana-based entity on the other. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) ("diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist.").

To redress the patent lack of diversity between the named parties to the suit, Hibbett, a non-party, interjected itself into the case by filing a notice of removal and stating that it was the proper defendant, diverse from the Louisiana plaintiffs. (Notice of Removal). As for the Store (the only Defendant sued by Plaintiffs), Hibbett asserted that it was not a legal entity, and, consequently, Plaintiffs incorrectly had named it as a defendant.

It is manifest, however, that "[a] non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 Fed. App'x. 435, 437 (5th Cir. 2014) (citations omitted). Furthermore, a district court cannot assert removal or subject matter jurisdiction by dismissing or substituting a nondiverse defendant and replacing it with a diverse foreign defendant, where the nondiverse in-state defendant was the only named defendant in the action when the suit was removed. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 573-575 (5th Cir. 2006) (the suit, as removed, was between two non-diverse parties, and, thus, the court lacked jurisdiction); *De Jongh*, 555 Fed. App'x at 438-439 (district court lacked removal and subject matter jurisdiction).[3] In addition, the improper/fraudulent joinder doctrine does not apply in a single-defendant case. *Salazar*, 455 F.3d at 574; *De Jongh*, 555 Fed. App'x at 438, n.3 (fraudulent joinder does not apply here

---

[3] It does not matter even if, as here, the removing defendant files an answer asserting that it was "incorrectly named." *See De Jongh*, 555 Fed. App'x. at 436.

because plaintiff did not sue even one diverse defendant).[4]

In summary, this suit, as removed, was between parties that were non-diverse or between Plaintiffs on one side and no viable defendant on the other. Either way, there was no diversity of citizenship at the time of removal, and the Court lacks subject matter jurisdiction to entertain the matter. *See* 28 U.S.C. § 1332(a)(1) (contemplates civil action between "citizens of different States"); *Salazar*, 455 F.3d at 575; *De Jongh*, 555 Fed. App'x. at 439 and n.5. Remand is required. *Id*.; 28 U.S.C. § 1447(e).

**II.     Proposed Amendment**

Having determined that the Court never had subject matter jurisdiction at the time of removal, the Court is unable to reach the pending motion for leave to amend. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) ("never having had power to act in the matter, the court never had authority to permit an amendment to the complaint.") (quoted source omitted). While the Court ordinarily would be inclined to carry the motion with the case to be considered by the state court following remand, the proposed pleading misspells "Hibbett," and, thus, the best course of action simply is to deny the motion without prejudice to Plaintiffs' right to amend their petition, post-remand, with a proposed pleading that correctly names the proposed parties.[5]

---

[4] Ultimately, where, as here, "an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action." *Salazar*, 455 F.3d at 575 (citing *Housing Auth. v. Millwood,* 472 F.2d 268, 272 (5th Cir. 1973)).

[5] Presumably, post-remand, Plaintiffs will amend their petition to substitute Hibbett and join Winfield or others. The Court expresses no opinion as to whether Hibbett may seek to re-remove the case once it is made a party to the suit. If Hibbett does so, however, it will have to meet its heavy burden to show that, under the broad scope of Louisiana Civil Code Article 2315, Plaintiffs have no reasonable possibility of recovery against any non-diverse and/or forum-domiciled defendants.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Furthermore,

IT IS ORDERED that Plaintiffs' motion for leave to file their first amended complaint [doc. # 14] is hereby DENIED, without prejudice.[6]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[6] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal/objection must be made to the district judge in accordance with Rule 72(a).

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 13th day of January, 2026.

                                                            *[signature]*
                                        KAYLA DYE MCCLUSKY
                                        UNITED STATES MAGISTRATE JUDGE